IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 10 CR 773 |
| v. ) | Judge Robert W. Gettleman |
| ) | |
| SAMI HASSOUN ) | |

**DEFENDANT HASSOUN'S MOTION FOR
IMMEDIATE DISCLOSURE OF EXCULPATORY AND FAVORABLE EVIDENCE**

Defendant SAMI HASSOUN by his attorney, MATTHEW MADDEN, pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure and the principles enunciated in *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 427 U.S. 97 (1976); and *United States v. Bagley*, 473 U.S. 667 (1985), moves this Court to require the government to disclose immediately any previously undisclosed evidence or information in its possession, custody, or control, the existence of which is known, or by the exercise of due diligence may become known, which is favorable to the defendant and is material to the issues of his guilt, innocence, or sentencing, or which bears in any fashion upon the credibility of a government witness, agent, cooperating individual, confidential informant, or testifying co-defendant or which consists of documents or tangible objects which are material to the preparation of the defense or are intended for use by the government as evidence at trial.

Defense counsel has received from the government certain information and documents pursuant to Local Rule 16.1(a). As the Court and the government are aware, that requires the government to provide defense counsel with, among other things, "any evidence favorable to the defendant." Defense counsel has no reason to believe that the government has failed to comply

with this requirement. However, the instant motion is nonetheless required in order to preserve on the record any issues under the foregoing authorities, as the protections afforded thereunder are contingent upon a defense request. *See Bagley*, 473 U.S. at 671 (failure to disclose evidence after a specific request more likely to be held "material" since defense counsel may have detrimentally relied upon evidence not being in existence). The information requested includes, but is not limited to, the following:

  1. Any documentary evidence or information which contradicts or is inconsistent with the expected testimony of any witness for the government.

  2. Any prior statements of a witness for the government which are inconsistent with his or her expected trial testimony.

  3. Any grants of immunity, favors, or promises of any kind made to a witness in connection with obtaining his or her testimony, whether bargained for or not. This request includes, but is not limited to, any cooperating individuals known to the government. This includes any plea agreement entered into between the government and any witness pursuant to which, or as a result of which, the witness is testifying against the accused in this case or on behalf of the government at any other trial, grand jury or other proceeding or in furnishing data or information to the government.

  4. An accounting of any money paid to any witness by the government or any state or municipal law enforcement agency including, but not limited to, rewards, subsistence payments, expenses or payments made for specific information supplied to the government or any state or municipal law enforcement agency.

  5. Any assistance provided by any attorney or agent of the government to a witness for any reason, including assistance with the witness' customers, a licensing agency, law

enforcement or parole agency, or any other agency of federal, state or local government.

      6.      The criminal identification and history sheet of each government witness.

      7.      Any criminal charges pending against any government witness which have not been disposed of either by conviction or acquittal.

      8.      Any criminal activity in which a government witness has engaged which has not resulted in prosecution or conviction.

      9.      Any disciplinary action or reprimand or civil complaints taken or filed against any government witness or agent, including any complaints to or actions taken by any professional or law enforcement oversight body.

      10.      Any information indicating that any of the numerous "boasts" made by the Defendant were in fact fabrications on the part of the defendant. This request includes but is not limited to the following: information that Defendant could follow through on his claim of being able to procure numerous items on the list of explosive materials he provided to the Confidential Human Source (CHS) on 6/7/10; information concerning whether a package arrived for Defendant at Lufthansa shipping/receiving at O'Hare on or around June 22, 2010, or in the following weeks, as the Defendant allegedly informed the CHS; any information regarding the existence of the instructional book or metal parts claimed to be included in the aforementioned package in June 2010; any information regarding the existence of the toy device supposedly constructed by the defendant in July 2010, or information regarding the veracity of the claim that there had already been mention of the toy device on the news which resulted in additional security throughout the city (Discovery Bates 0011); information regarding the existence of the alleged friends of the defendant who had knowledge of the alleged toy device (referred to in discovery as the Albanian, the Russian, and the friend whose brother was killed by police)

(Discovery Bates 0011-12, 0017-19); information concerning the veracity of the Defendant's alleged claims that certain family members are associated with violent political movements in Lebanon and received monthly stipends from one or more political movements.

11. Any information regarding location, witnesses, and date of the conversation in which the CHS alleges the Defendant first approached him regarding plans to commit acts of violence for financial gain (Discovery Bates 0031).

12. Any information pertaining to any "relevant conduct" that the government plans to utilize in determining an appropriate sentence.

13. The foregoing request pertains, but is not limited to any and all cooperating informants. With respect to cooperating informants, defendant further requests criminal records, *United States v. Auten*, 632 F.2d 478 (5th Cir. 1980); *United States v. Alvarez-Lopez*, 559 F.2d 1155 (9th Cir. 1977); all promises of consideration given to the witness, *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Mayer*, 556 F.2d 245 (5th Cir. 1977); identification of the informant's prior testimony, *Johnson v. Brewer*, 521 F.2d 556 (8th Cir. 1975); evidence of psychiatric treatment, *United States v. Lindstrom*, 698 F.2d 1154 (11th Cir. 1983); *United States v. Partin*, 493 F.2d 750 (5th Cir. 1974); and evidence of the informant's narcotic habit, *United States v. Fowler*, 465 F.2d 664 (D.C. Cir. 1972). The inherent unreliability of an accomplice or government informant underscores the need for complete disclosure of information relating to credibility. *See United States v. Caldwell*, 446 F.2d 611 (9th Cir. 1972). Failure to disclose impeachment evidence requires a new trial if undisclosed evidence was "material" such that disclosure would, within "reasonable probability," affect the outcome of the proceeding. *United States v. Bagley*, 473 U.S. 667 (1985).

14. Defendant is requesting notice concerning whether any evidence was obtained

through physical search or electronic surveillance pursuant to the Foreign Intelligence Surveillance Act of 1978 ("FISA"), 50 U.S.C. §1801. In the event that evidence was procured pursuant to FISA, Defendant moves under FISA, the due process provisions of the Fifth Amendment, the assistance of counsel provision of the Sixth Amendment, and *Brady*, that Court order the government produce all FISA applications, orders, and related documents where the Defendant has been a target of electronic surveillance or a physical search.

                                      Respectfully submitted,


                   By:     *s// Matthew J. Madden*

                          Matthew J. Madden



Matthew J. Madden
Attorney At Law
53 W. Jackson Boulevard, Suite 703
Chicago, IL 60604
(312) 212-1900