IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10 CR 773 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| SAMI SAMIR HASSOUN, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Defendant Sami Samir Hassoun has filed a counseled motion (Doc. 94) for modification of

his sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), based primarily on the fact that

he has Familial Mediterranean Fever ("FMF"), a debilitating hereditary auto-inflammatory disease

that puts him at a high risk of life-threatening complications from COVID-19. The government

agrees that defendant has exhausted his administrative remedies as required by the Statute, and that

defendant's FMF qualifies as an extraordinary and compelling reason for release.

Nevertheless, the government opposes defendant's motion because, it argues, defendant

fails to satisfy the conditions articulated by 18 U.S.C. § 3553(a). Primarily, the government argues

that defendant poses a danger to the community and a risk of recidivation. The government's

position is based on the serious nature of the crime to which defendant pled guilty in 2010, and was

sentenced to 23 years of incarceration: attempted use of a weapon of mass destruction in violation

of 18 USA § 2332a(a)(2)(D), and malicious attempt to destroy or damage a building using an

explosive device in violation of 18 U.S.C. § 844(i). In brief, defendant placed what he thought was

a bomb in a waste bin in Wrigleyville (a location close to Wrigley Field in Chicago, just after a

concert there) with the intent to kill and injure hundreds of people and destabilize the city.

Were these ordinary times, and were the defendant likely to be released into the community in this country, the court would be inclined to agree with the government's position and deny defendant's motion. But these are not ordinary times, and this defendant cannot be a danger to the community because he will be deported to his home country of Lebanon after his release from the Bureau of Prisons' custody. (Immigation and Customs Enforcement has issued a detainer against defendant to initiate removal proceedings when he is released from BOP custody.) COVID-19 is spreading through penal institutions at both the state and federal level throughout the United States, and is currently resurging in more than half of the states. Although the virus may not yet have hit Leavenworth DCI, where defendant is currently being held, the court cannot assume it will not do so. Any exposure by defendant to this disease would have severe and deadly effects.

With respect to recidivism, the court is mindful that defendant's criminal conduct, while extremely reprehensible, was encouraged by undercover law enforcement agents and never posed an actual threat to the public. Moreover, defendant's conduct was not driven by religious ideology or any connection to a terrorist organization like ISIS or Al-Qaida. Further, defendant has demonstrated that he has taken positive steps while serving his time in custody these past almost 10 years, and has agreed to removal to Lebanon.

In short, defendant will not pose a threat to the United States because he will be deported upon release from BOP custody, and remaining in custody will pose a substantial and extraordinary threat to his health due to his FMF. Consequently, the court grants defendant's motion to modify his sentence to time served, and orders his immediate release to the United States

2

Immigration and Customs Enforcement.   Judgment Order to follow.

**ENTER: July 3, 2020**

**Robert W. Gettleman**
**United States District Judge**